UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANQUINETTE DOUGLAS, o/b/o
KADIJAH M. DOUGLAS,

    Plaintiff,                              CIVIL ACTION NO. 06-12640

    v.                                      DISTRICT JUDGE NANCY G. EDMUNDS
                                            MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record supporting the Commissioner's determination terminating childhood disability benefits.

\*   \*   \*

Claimant is a minor male child who is now twelve years old. The Social Security Administration (SSA) originally awarded her benefits in July 1998, based on mental retardation and a speech delay. She was found to have met the requirements of 112.05D of the Listing of Impairments, effective March 1, 1998 (TR 18, 34, 135). The child's medical eligibility was subsequently reviewed by the SSA and found to have ceased effective October 1, 2002, as a result of medical improvement (TR 40-43). The cessation of benefits was affirmed upon reconsideration by the SSA (TR 45-66). A requested de novo hearing was held on March 25, 2004, before Administrative Law Judge (ALJ) Jerome B. Blum.

Claimant and her mother appeared and testified. In a decision dated March 16, 2005, ALJ Blum determined that the claimant was not entitled to childhood disability benefits after October 2002, because her mental deficiencies were not severe enough to meet or medically equal any of those found in the Listing of Impairments. The Appeals Council declined to review that decision, and Plaintiff commenced the instant case for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's termination of childhood SSI benefits was supported by substantial evidence on the record.

Claimant's mother testified at the administrative hearing that her daughter was in the fourth grade (TR 311). Kadijah attended special education classes, but recent report cards allegedly indicated that she was receiving failing grades (TR 313). The mother claimed that Kadijah had a difficult time comprehending school lessons because of her mental retardation (TR 310). While Kadijah has never been held back a grade as a result of her mental deficiencies, she required a lot of help from teachers and parents to keep up with her school work (TR 313-314). Claimant's mother suspected that a hearing impairment was contributing to her daughter's difficulties in school (TR 311). Kadijah also required prescription medications, as well as a specialized machine, to help alleviate a breathing problem (TR 312).

ELIGIBILITY FOR SSI CHILDHOOD DISABILITY BENEFITS

A child will be considered disabled if she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382(a)(3)(C)(i). To determine whether a child's impairments result in marked and severe limitations, SSA regulations prescribe a three step sequential evaluation process:

>1. A child will be found "not disabled" if she engages in substantial gainful activity.
>
>2. A child will be found "not disabled" if she does not have a severe impairment or combination of impairments.
>
>3. A child will be found "disabled" if she has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P. Appendix 1. 20 C.F.R. § 416.924(a) (2006).

To determine whether a child's impairment(s) functionally equal the listings, SSA will assess the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a)(2003). SSA will consider how a child functions in six domains:

>1. Acquiring and using information;
>
>2. Attending and completing tasks;
>
>3. Interacting and relating with others;
>
>4. Moving about and manipulating objects;
>
>5. Caring for yourself; and
>
>6. Heath and physical-being.
>
>20 C.F.R. 416.926a(b)(1).

If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain,[1] the impairment functionally equals the listing and the child will be found disabled. 20 C.F.R. 416.926a(d).

---

[1]A marked limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation is one that "interferes very seriously with [a child's] ability to independently sustain or complete activities." 20 C.F.R. § 416.926a(e)(3).

LAW JUDGE'S DECISION

After finding that the claimant had never performed substantial gainful activity, the Law Judge determined that she was indeed impaired as a result of a hearing deficit, asthma and comprehension difficulties, but that these conditions were not severe enough to meet or medically equal any of those found in the Listing of Impairments. Moreover, the Law Judge found that claimant's impairments did not "functionally equal" the Listing because the medical problems stemming from the disorders had not resulted in any disabling functional limitations affecting her motor, communicative, social or personal development.  Consequently, the ALJ determined that childhood SSI benefits had been properly terminated, effective October 1, 2002, based on medical improvement.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action.  Judicial review of those decisions is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo,  resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. <u>Kirk</u>, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

<u>DISCUSSION AND ANALYSIS</u>

Plaintiff does not challenge the ALJ's finding that Kadijah did not meet or medically equal a listed impairment. Nor does she challenge the ALJ's finding that Kadijah had less than marked limitations in five of the six areas of functioning (Plaintiff's Brief at p.5-6). Plaintiff instead contends that, because Kadijah suffers from an extreme speech limitation affecting her ability to interact and react to others (domain #3), she has satisfied the standard for functional equivalence. (Plaintiff's Brief at p. 6)

Substantial evidence existed on the record supporting the Law Judge's decision terminating childhood disability benefits due to a medical improvement. The medical evidence of record showed that claimant's speech impairment no longer interfered with her ability to interact and relate well with others. Dr. Firoza Van Horn, an examining psychologist, reported in August 2002, that Plaintiff got along well with her parents and siblings, and that she was able to maintain a fair relationship with teachers and other students (TR 233-234). Kadijah's father noted, in a July 2002, questionnaire, that his daughter often visited her cousins, and that she was able to get along with all family

members.  The father added that Kadijah did not exhibit any behavioral problems at school (TR 110).

Kadijah reportedly had many friends, both at school and in the general community (TR 234).  Claimant's third grade teacher, Elizabeth Sawtell, stated in September 2002, that Kadijah did not exhibit any problems interacting and relating with others.  Most importantly, the teacher indicated that she was able understand almost all of Kadijah's speech on known topics of conversation (TR 253).

Kadijah's speech and language teacher, Ms. Enid Serraon Flaisher, stated on September 12, 2002, that the claimant purposefully took her time responding to questions in order to be as accurate as possible (TR 239).  The speech teacher believed that Kadijah's strategy of allowing a time lag to occur before she answered a question was a good one because it showed patience and an understanding of the need to be as accurate as possible (TR 239).  According to the therapist, the prognosis for further improvement of Kadijah's language skills were good given her pleasant behavior and willingness to spend additional time to process information before responding (TR 239).

In arguing that the child's speech problems were extreme enough to warrant disability benefits, Plaintiff makes reference to speech therapy records (TR 297-298) submitted to the Appeals Council (Plaintiff's Brief at p. 6).  In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge.  Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993).  Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 297-306) was not considered by the undersigned.

In sum, the Commissioner's decision to terminate childhood SSI benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/Donald A. Scheer  
                                              DONALD A. SCHEER  
                                              UNITED STATES MAGISTRATE JUDGE

Dated: November 22, 2006

_____

## CERTIFICATE OF SERVICE

I hereby certify on November 22, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 22, 2006.  **None.**

                                                      s/Michael E. Lang  
                                                      Deputy Clerk to  
                                                      Magistrate Judge Donald A. Scheer  
                                                      (313) 234-5217